```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

CHONG SOO PYUN,                    )
                                   )
     Petitioner,                   )
                                   )
v.                                 )
                                   )   No. 07-2817-P
M. STELLA JARINA, Memphis          )
District Director, United States   )
Citizenship and Immigration        )
Service,                           )
                                   )
     Respondent.
_____
```

**ORDER GRANTING PETITION TO AMEND CERTIFICATE OF NATURALIZATION**
_____

Before the court is Dr. Chong Soo Pyun's petition seeking an order from the court requiring the United States Citizenship and Immigration Service ("USCIS") to issue him an amended Certificate of Naturalization that identifies Dr. Pyun's date of birth as March 7, 1933. The court has considered the evidence presented at the hearing, the pre-hearing and post-hearing briefs filed by the parties, and the applicable legal authorities.[1] For the reasons below, Dr. Pyun's petition is GRANTED.

### I. BACKGROUND

Dr. Pyun was born in Korea on March 7, 1933. In November of 1950, Dr. Pyun was drafted into the South Korean army. In December

---

[1] On November 6, 2008, the parties consented to the jurisdiction of the United States Magistrate Judge for purposes of trial and all further proceedings.

of 1951, in the midst of the Korean War, Dr. Pyun was commissioned as an officer translator in the South Korean army. At the time, Dr. Pyun was only eighteen years old, and the age requirement for commissioned officers was twenty-one. However, because the army was in need of English translators to work with American troops, the South Korean army requested that Dr. Pyun change his official age to twenty-one. As a result, Dr. Pyun's birth date was changed from March 7, 1933 to March 7, 1930 on his military records as well as on his Korean passport and other Korean government-issued documents. Dr. Pyun was honorably discharged from the army in March of 1960.

Dr. Pyun first entered the United States in August of 1960 on a student visa, using his Korean passport which bore the incorrect March 7, 1930 date of birth. From 1960 to 1972, Dr. Pyun used March 7, 1930 as his date of birth in connection with his application for permission to work, applications to extend his temporary stay, petition to adjust his immigration status to lawful permanent resident, and application for naturalization. By his own admission, Dr. Pyun knew that his true date of birth was March 7, 1933. According to Dr. Pyun's testimony at the hearing, which the court finds to be credible, he used the 1930 date of birth because the only government-issued document he had in his possession at the time was his Korean passport.

Beginning in approximately 1970, Dr. Pyun started to use his

March 7, 1933 date of birth in situations where proof of his birth date was not required.  For example, he became employed by the University of Memphis in August of 1970, and the university's personnel records show that he has consistently used March 7, 1933 as his date of birth since his employment in 1970.[2]  In 1973, Dr. Pyun traveled to South Korea to visit his family.  When he returned to the United States, Dr. Pyun brought back with him school records that show his date of birth as March 7, 1933.  Beginning sometime in the early to middle 1970s, Dr. Pyun started using these school records to correct his date of birth, including correcting the date with the Social Security Administration, the Tennessee Consolidated Retirement System, and his employer's annuity plan administrator.  Currently, the March 7, 1930 date of birth remains on only three government-issued documents: Dr. Pyun's United States passport, his Tennessee driver's license, and his Certificate of Naturalization.[3]

In an effort to correct his date of birth on his Certificate of Naturalization, on January 10, 2003, Dr. Pyun filed a Form I-565 (Application for Replacement of Certificate of Citizenship) with the Memphis district office of the USCIS.  After the Memphis district director denied this request, Dr. Pyun appealed the

---

[2]Dr. Pyun is currently a Professor of Finance at the University of Memphis.

[3]If his petition to amend his Certificate of Naturalization is granted, Dr. Pyun intends to use the amended certificate to correct his date of birth on his passport and driver's license.

decision by filing Form I-290B (Notice of Appeal) with the USCIS Administrative Appeals Office (AAO) on September 14, 2006.  The AAO denied Dr. Pyun's appeal and dismissed it without prejudice.  Dr. Pyun now petitions the court pursuant to 8 C.F.R. § 334.16(b) for an order requiring the USCIS to issue an amended Certificate of Naturalization to reflect that his date of birth is March 7, 1933.

## II.  ANALYSIS

8 C.F.R. § 334.16 authorizes district courts to amend a petition for naturalization.  Id.  Specifically, the regulation states in part that "[w]hen the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the Service file."  8 C.F.R. § 334.16(b).  Although this section refers only to amending a petition for naturalization, courts have construed this language to authorize a court to amend Certificates of Naturalization.  In re Lee, No. C 06-80150-MISC MJJ, 2007 WL 926501, at *2 (N.D. Cal. March 26, 2007) (noting that the regulation only explicitly allows for amendment of a petition, but finding that the court also has authority to amend a Certificate of Naturalization); Kouanchao v. U.S. Citizenship & Immigration Serv., 358 F. Supp. 2d 837, 839-40 (D. Minn. 2005) (stating that "[w]hile the [USCIS] regulations may not permit it to administratively amend the birth date on a Certificate of Naturalization in the absence of a clerical error, this Court has the power to order such an amendment"); see also

Hussain v. U.S. Citizenship & Immigration Serv., 541 F. Supp. 2d 1082, 1085 (D. Minn. 2008); Nguyen v. U.S. Dept. of Homeland Security, No. 1:06-MC-118, 2007 WL 2156649, at *3 (N.D.N.Y. July 25, 2007); Zhang v. U.S. Dept. of Homeland Security, No. 1:06-MC-122, 2007 WL 2156648, at *4 (N.D.N.Y. July 25, 2007); Varghai v. Immigration & Naturalization Serv., 932 F. Supp. 1245, 1246 (D. Or. 1996).

The burden is on the petitioner to demonstrate by clear and convincing evidence that the date of birth on the Certificate of Naturalization is incorrect. Hussain, 541 F. Supp. 2d at 1087; see also Zhang, 2007 WL 2156648, at *4 (requiring "unequivocal evidence" regarding petitioner's date of birth); Duc Minh Ha v. U.S. Citizenship & Immigration Serv., No. 05-MC-0059, 2006 WL 1997360, at *1 (D. Minn. July 14, 2006) (same); Liu v. Immigration & Naturalization Serv., 98-MC-139, 1998 WL 809037, at *2 (N.D.N.Y. Nov. 17, 1998) (same).  In addition, the petitioner must present reliable evidence supporting the date of birth that the petitioner now alleges is correct. Hussain, 541 F. Supp. 2d at 1087, 1090. As the court explained in Hussain,

> The Court understands why a petitioner should be required to prove by clear and convincing evidence that the date of birth appearing on an existing certificate is inaccurate before USCIS is ordered to issue an amended certificate.  Certificates of naturalization are important documents – official documents on which governmental and private entities rely – and requests to alter a birth date on such important documents should not be treated lightly.  One who seeks to have an existing certificate torn up and replaced with a new certificate

>   should thus bear a heavy burden.  But once the petitioner
>   *meets* that burden – once the petitioner proves, by clear
>   and convincing evidence, that the date of birth on his
>   certificate [is] *incorrect* – then it makes less sense to
>   require clear and convincing evidence of the accuracy of
>   the date of birth proposed for the amended certificate.
>
>   After all, someone applying for permanent residence
>   in the United States or for United States citizenship
>   does not have to provide clear and convincing evidence of
>   his or her date of birth.  Moreover, in cases such as
>   this – cases involving a birth that was not recorded in
>   any official document and that took place in a private
>   home in a country that did not confer much significance
>   on ages or dates of birth – it may be much easier for the
>   petitioner to prove that the birth date on his
>   certificate is incorrect than to prove that the
>   replacement date that he proposes is correct.  It may be
>   that the latter is – and can never be anything but – a
>   good-faith approximation.
>
>   In the Court's view, then, once a petitioner has
>   proven by clear and convincing evidence that the date of
>   birth appearing on his certificate of naturalization is
>   incorrect, the USCIS should be ordered to issue an
>   amended certificate with the date of birth proposed by
>   the petitioner as long as the petitioner submits reliable
>   evidence of the accuracy of that proposed date.

Id. at 1090 (emphasis in original).  Finally, even if the petitioner is able to satisfy both of these requirements, the court may nevertheless deny the petition if there is evidence that "the petitioner acted fraudulently or in bad faith either when he or she initially provided the incorrect birth date to immigration authorities or when he or she later sought to amend the certificate of naturalization."  Id. at 1087.

The court finds that Dr. Pyun has demonstrated by clear and convincing evidence the March 7, 1930 date of birth that appears on his Certificate of Naturalization is incorrect and that there is

-6-

reliable evidence his correct date of birth is, in fact, March 7, 1933. The court finds credible Dr. Pyun's testimony at the hearing, and in particular his testimony regarding the circumstances in which his date of birth was changed from March 7, 1933 to March 7, 1930 at the request of the South Korean army. In addition to his testimony, at the hearing Dr. Pyun provided the court with a document from the Chief of Staff of the Korean army demonstrating that, according to army records, Dr. Pyun had a date of birth of March 7, 1933 while he was a Sergeant and a date of birth of March 7, 1930 while he was an officer-translator. Dr. Pyun presented the court with his primary school and high school records, which show his date of birth as March 7, 1933. Dr. Pyun submitted without objection an affidavit from his wife, who he met and married in 1963, which states that since 1963, she has known her husband's date of birth to be March 7, 1933. Dr. Pyun submitted without objection an affidavit from Choon Nan Yu, President of the Korean-American Seniors Association in Atlanta, Georgia and a high school classmate of Dr. Pyun, which states that Dr. Pyun was one of the youngest if not the youngest member of their graduating class in 1951 and that Dr. Pyun was eighteen years-old when they graduated high school together. Additionally, for the past thirty-plus years, Dr. Pyun has used his March 7, 1933 date of birth with the Social Security Administration, his employer, his state retirement plan, and his annuity plan

administrator.  In re Lee, 2007 WL 926501, at *3 (stating that the fact the Social Security Administration had already changed the petitioner's date of birth was an important factor).  The government has not presented any evidence that would cast doubt on the accuracy of the March 7, 1933 date of birth.

The court further finds that there is no evidence that Dr. Pyun acted fraudulently or in bad faith.  Although Dr. Pyun knew that the date of birth he provided during his naturalization process in the early 1970s was not accurate,

> [t]he fact that [petitioner] knew – or at least should have known – that the birth date he provided to United States immigration officials was incorrect does not bar [him] from seeking to correct his certificate of naturalization. . . . What is important is not whether the petitioner had reason to believe that he gave an incorrect date to immigration officials; what is important is whether, in giving the incorrect date, the petitioner acted fraudulently or in bad faith.

Hussain, 541 F. Supp. 2d at 1089; see also Nguyen v. Homeland Security, 2007 WL 2156649, at *3 (finding that petitioner did not and could not receive any benefit from correcting his date of birth, and that the government was not misled to its detriment by the incorrect date of birth; permitting amendment of the Certificate of Naturalization); Kouanchao, 358 F. Supp. 2d at 839 (determining that petitioner did not receive any gain from his misstatement of his year of birth and that he did not commit fraud);  In re Levis, 46 F. Supp. 527, 529-30 (D. Md. 1942) (finding that, because no harm was caused to the government, the

error should be considered "careless misrepresentation," even though petitioner admitted that he knew the date of birth that he gave at his naturalization proceeding was incorrect; granting an amendment to Certificate of Naturalization).

Dr. Pyun candidly admits that he could have and should have taken steps much sooner to correct his date of birth on his Certificate of Naturalization. However, the lengthy passage of time alone does not preclude a petitioner from seeking an amendment. In re Nguyen, 05-MC-61 JRT/FLN, 2006 WL 2860814, at *3 (D. Minn. Oct. 4, 2006) ("[a]lthough it would have been preferable for petitioner to have corrected the mistake at an earlier time, the passage of [twenty-seven years] . . . does not bar his application"); Kouanchao, 358 F. Supp. 2d at 839 ("[a]lthough it would have been preferable for Kouanchao to have not made the mistake in the first place, or to have corrected the mistake at an earlier time, the passage of [twenty-one years] . . . does not bar his application"). Based on the record before the court, it appears that Dr. Pyun has diligently avoided reaping any benefit from his incorrect date of birth. In fact, the government acknowledges that, in any situation where it would have benefitted him to use the March 7, 1930 date of birth, Dr. Pyun has "scrupulously" used the March 7, 1933 date. As was the case in Kouanchao, this court is likewise satisfied that Dr. Pyun's misrepresentation of his true date of birth "was not made with an

improper motive to mislead the United States Government and that changing the date on his Certificate of Naturalization will confer no undue benefit on [petitioner], nor will it prejudice the Government." Id. at 839.

### III.  CONCLUSION

For the reasons above, Dr. Pyun's petition to change the date of birth listed on his Certificate of Naturalization is GRANTED. Respondent shall promptly issue an amended Certificate of Naturalization to Dr. Pyun that identifies his date of birth as March 7, 1933.

IT IS SO ORDERED.

                                       s/ Tu M. Pham
                                       TU M. PHAM
                                       United States Magistrate Judge

                                       June 11, 2009
                                       Date